REDMANN, Judge.
An employer appeals from a judgment for workers’ compensation benefits for permanent and total disability plus statutory penalties and attorney’s fees.
*127 The testimony of Dr. Morton Brown supports the trial judge’s basic conclusion that plaintiff has silicosis that has so reduced his lung function that he cannot exert himself without causing shortness of breath, and is therefore disabled from heavy work, the only kind of work he has done or is fit to do by his extremely limited education.
The testimony of Dr. W. Brooks Emory would support a conclusion that plaintiff does not have significant reduction of lung function and is therefore not disabled (notwithstanding that he does have certain findings that are not inconsistent with silicosis).
We are unable to say that the trial judge was clearly wrong, Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Defendant also complains of the award of attorney’s fees and penalties. Defendant concedes it stopped payments in respect to plaintiff’s permanent leg injury knowing that at least special schedule benefits were due. Even after suit and until trial defendant still had not resumed special schedule payments. It cannot escape penalties and attorney’s fees as to those payments. It is not, however, liable for penalties and attorney’s fees on the payments for silicosis disability because it had probable cause to dispute liability. We therefore reduce attorney’s fees from $2,000 to $1,000.
Defendant further complains of duplication in the 175-week $44 award for the September 29, 1979 leg injury and the total disability award from June 11, 1980. We agree. The special schedule of R.S. 23:1221(4) is not available where disability payments are made in excess of the special benefit, because § 1223 requires payments under § 1221(1), (2) or (3) to be deducted from payments under § 1221(4). Accordingly, once the $148 payments under § 1221(1) begin as of June 11, the $44 payments under § 1221(4) cannot be collected also. But because those $44 payments were in any case due, the 12% penalty on $44 of those payments not paid after 60 days’ demand is due.
Defendant finally asks that we consider another medical report conflicting with Dr. Brown’s view and in agreement with Dr. Emory’s view. The answer to this suggestion is that the award of compensation is subject to review, R.S. 23:1331, if plaintiff’s disability disappears. But we cannot consider evidence that was not produced in the trial court, or remand for its consideration by the trial court, unless some special circumstance would require us to do so in the interest of justice. No such circumstance is present.
Amended to fix attorney’s fees at $1,000 and penalties at 12% on the $2,520 payable $44 a week insofar as not paid when due after 60 days after demand; and to allow credit against the $44 a week payments for the $148 payments commencing June 11, 1980; and otherwise affirmed.